Li v. Rosen

BIA
Zagzoug, IJ
A206 054 736

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of January, two thousand twenty-one.

PRESENT:
JOSÉ A. CABRANES,
ROBERT D. SACK,
DENNY CHIN,
    *Circuit Judges.*

_____

XIAO FANG LI,
    *Petitioner,*

v.                                          18-3381
                                            NAC

JEFFREY A. ROSEN, ACTING UNITED
STATES ATTORNEY GENERAL,
    *Respondent.*[1]

_____

FOR PETITIONER:    John S. Yong, Esq., New York, NY.

FOR RESPONDENT:    Jeffrey Bossert Clark, Acting Assistant Attorney General; Mary

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Jeffrey A. Rosen is automatically substituted for former Attorney General William P. Barr as Respondent.

Jane Candaux, Assistant Director; Stephanie E. Beckett, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Fang Li, a native and citizen of the People's Republic of China, seeks review of an October 24, 2018, decision of the BIA that affirmed an October 24, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denied Li's motion to remand. *In re Xiao Fang Li,* No. A206 054 736 (B.I.A. Oct. 24, 2018), *aff'g* No. A206 054 736 (Immig. Ct. N.Y. City Oct. 24, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

2

## A. Adverse Credibility Determination

The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163–64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Li was not credible as to her claim that police detained and

beat her and sought to arrest her a second time for practicing Christianity in an unregistered church in China.

The IJ reasonably relied in part on Li's flat, hesitant, and evasive demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the record, which shows Li's lengthy pauses and failure to respond to questions despite affirmation that she understood the questions being posed. Further, Li's longest pauses and lack of responsiveness occurred when she was asked to provide details material to her claim of past persecution, which she never provided, or was questioned about implausible aspects of her story. The IJ was not compelled to credit Li's explanation that she was nervous because her nervousness did not prevent her from answering general questions about her claim and her inability to provide details despite multiple opportunities further impugned her credibility. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks

4

omitted)); *see also Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony . . . the IJ . . . may fairly wonder whether the testimony is fabricated."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007).

The IJ's demeanor finding and adverse credibility determination as a whole were further supported by Li's inconsistent and implausible testimony regarding the severity of her beating and her ability to travel unrestricted while police sought to arrest her. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Having questioned Li's credibility, the agency reasonably relied on her failure to rehabilitate her credibility with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in

5

general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). First, the IJ reasonably noted that a letter from Li's purported underground church in China did not corroborate her claim and further impugned her credibility because it was written on printed letterhead and stamped with an official church seal even though the church was unregistered and secretive and the letter did not mention the two raids on the church or the arrest of practitioners. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *see also Hong Fei Gao*, 891 F.3d at 78 ("The probative value of a witness's . . . silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."). The agency also reasonably declined to credit unsworn letters from Li's father and church friend in China, her boyfriend's testimony about their church attendance in the United States, and a letter from a church elder in the United States because this evidence was provided by interested witnesses or by

individuals who were not made available for cross-examination. *See Y.C.*, 741 F.3d at 332, 334; *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

Given the demeanor, inconsistency, implausibility, and corroboration findings, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Accordingly, we do not consider the agency's alternative burden finding. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**B. Motion to Remand**

We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005). The BIA may deny a motion to remand based on a movant's failure to show prima facie eligibility for relief. *See id.; see also* 8 C.F.R. § 1003.2(c)(1). The BIA did not abuse its discretion in denying Li's motion to remand to adjust to lawful permanent resident status because, as she admits in her opening brief, she is not currently eligible for that relief. *See Li Yong Cao*, 421 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8